NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J&J SPORTS PRODUCTIONS,<br><br>    Plaintiff,<br><br>v.<br><br>PASSAIC CITY RIDERS MOTORCYCLE CLUB, et al,<br><br>    Defendants. | Civil Action No.: 16-5142 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

On August 23, 2016, Plaintiff J&J Sports Productions filed a complaint against Defendants Passaic City Riders Motorcycle Club (the "Club"), and Angel J. Irizarry and Milton Artiga (the "Individual Defendants"). (ECF No. 1, "Compl."). In summary, Plaintiff alleges that it was granted exclusive nationwide television distribution rights to a televised event on September 13, 2014 entitled "Mayhem: Floyd Mayweather, Jr. v. Marcos Rene Maidana, II, WBC World Lightweight Championship Fight" (the "Program") and that Defendants unlawfully (i.e., without having obtained an appropriate sublicense) exhibited the Program at the Club. Accordingly, Plaintiff asserts claims against Defendants for, *inter alia*, a violation of 47 U.S.C. § 553 (unauthorized reception of cable service) and, alternatively, a violation of 47 U.S.C. § 605 (unauthorized publication or use of communications). (Id. at 3).

Each of the Defendants failed to timely answer or otherwise respond to the complaint. On December 11, 2016, Plaintiff filed a motion for the entry of default (ECF No. 9), and the Clerk's office entered default against Defendants on December 12, 2016. Thereafter, on December 23,

2016, Plaintiff filed the pending motion for default judgment seeking statutory damages, costs, and attorney's fees. (ECF No. 12). Defendants have failed to timely oppose this motion.

The Court held a hearing with respect to Plaintiff's motion on February 2, 2017. After hearing from Plaintiff's Counsel, the Court reserved on Plaintiff's motion for default judgment and directed Plaintiff's counsel to file supplemental documents in support of the motion. Plaintiff submitted the requested supplemental filing on February 16, 2017. (ECF No. 18).

On February 7, 2017, after reviewing the supplemental documents submitted by Plaintiff, the Court issued a letter order in which it raised several concerns with respect to Plaintiff's supplemental evidentiary proofs. (ECF No. 19). Specifically, the Court identified an apparent discrepancy between the Affidavit of Plaintiff's investigator and video footage which was allegedly taken at the Defendant establishment by the investigator. The Court also sought clarification as to how the information in the subject Affidavit evidenced the fact that the Program was, in fact, exhibited at the establishment. (Id.). On March 14, 2017, Plaintiff's counsel filed a letter addressing these concerns. (ECF No. 20). With the benefit of the March 14th clarification letter from counsel, the Court is now able to rule on Plaintiff's motion for default judgment.

The piracy of television programs, as Plaintiffs allege here, is actionable under 47 U.S.C. § 553, or, alternatively, under § 605. *TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196, 207 (2001). A plaintiff cannot seek damages under both statutes. *Id.* As clarified in Plaintiff's supplemental filing, Plaintiff requests an entry of default judgement under 47 U.S.C. § 605. (ECF No. 18 at 4).[1] As the Third Circuit has explained, Section 605

> encompasses the interception of satellite transmissions "to the extent reception occurs prior to or not in connection with, distribution of the service over a cable system," and no more. H.R. Rep. No. 98-934, at 83, *reprinted in* 1984 U.S.C.C.A.N. at 4720. Once a satellite

---

[1] Although Plaintiff seeks relief under § 605, the Court notes that the default judgment award would likewise be authorized under § 553.

2

> transmission reaches a cable system's wire distribution phase, it is subject to § 553 and it is no longer within the purview of § 605.

*TKR Cable Co.*, 267 F.3d at 207. If a defendant intercepted the transmission prior to the time it reached the cable distribution system, while the transmission was airborne, section 605 authorizes damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). In addition, if the Court finds that defendant's violation was "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain" the Court may award enhanced damages of no more than $100,000. Id. at § 605(e)(3)(C)(ii).

Before rendering a determination as to the amount of damages to which Plaintiff is entitled, the Court notes that it is satisfied, based upon the evidence submitted by Plaintiff, that Plaintiff has made a *prima facie* showing of a violation of § 605. First, with regards to the method by which Defendants allegedly intercepted the Program, Plaintiff has directed the Court to a letter from Defendant Angel J. Irizarry, who identifies himself as the "President of the Non-Profit organization called the Passaic City Riders MC." (ECF No. 18-2). In that letter, Mr. Irizarry references a DirectTV satellite account for the Club. (Id.).

Additionally, Plaintiff submitted an Affidavit of its investigator, who states that on Saturday, September 13, 2014, he entered the Defendants' establishment and that, although he was immediately escorted out, he did "observe[] the following program on the above televisions: Miguel Vazquez who was attired in blue and silver trunks with yellow boxing gloves, vs. Mickey Bey, who was attired in silver and black trunks, with black boxing gloves." (ECF No. 18-13). As indicated by a document filed by Plaintiff entitled "Boxing Show Results," which is published by the State of Nevada, Department of Business and Industry, Athletic Commission, one of the undercard bouts for the September 13, 2014 Program was Jose Miguel Vazquez Batista v. Mickey

3

Bey. (ECF No. 20 at 5). Accordingly, the investigator's Affidavit supports the Plaintiff's allegations that Defendants did, in fact, exhibit the Program in question.

Having found that Plaintiff established a *prima facie* violation of § 605, the Court must determine the amount of damages to which Plaintiff is entitled. Here, Plaintiff seeks the maximum amount of statutory damages of $10,000 and the maximum enhanced damages of $100,000. (ECF No. 18 at 4). While the Court will award Plaintiff damages, the Court finds these amounts to be unreasonable in light of the circumstances surrounding the violation.

Courts consider a number of factors in determining the appropriate amount of statutory damages under § 605. These factors include the pecuniary loss sustained by Plaintiff, the Defendants' financial situation, and the number of patrons in the establishment. *See J&J Sports Production, Inc. v. Potions Bar & Lounge*, 8-cv-1825, 2009 WL 763624, *6 (E.D.N.Y. Mar. 23, 2009). Here, Defendant Club is of limited financial means. The Club's bank records show an account balance between $1,000 and $4,000 per month in membership dues. (Id.; ECF No. 18-6). As explained in a letter from Defendants' attorney with respect to a different lawsuit, the "corporation is a motorcycle club in which members pay dues for charities, food, cable and small events. The motorcycle club does not earn any money and it is a 501(c)(3)." (ECF No. 18-4). In short, Defendants are not in any position to pay a judgment of damages in excess of $100,000, as requested by Plaintiff.

Additionally, the Court notes that the investigator counted only 8 patrons in the establishment during the time he entered. Such a low number militates against a high award. Moreover, the investigator did not indicate, nor has Plaintiff alleged, that Defendants charged an entry fee to view the Program. For these reasons, the Court finds the requested statutory award of $10,000 to be unreasonable. The Court does recognize, however, that Plaintiff suffered a

pecuniary loss on account of the violation. Accordingly, the Court will grant Plaintiff a statutory award of $2,200.00, which is the amount that Defendants would have had to pay to legitimately exhibit the Program. (ECF No. 18-12).

Plaintiff also seeks enhanced statutory damages in an amount of $100,000. A court may, at its discretion, increase an award of statutory damages under § 605 upon a finding "that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(c)(ii). Here, Plaintiff explains that this is Defendants' third violation of Federal law vis à vis the Plaintiff, and that they are therefore on notice that such conduct is unlawful. (ECF No. 18 at 4). Having reviewed the supporting exhibits, the Court agrees with Plaintiff that the violation can be construed as willful. However, Plaintiff has not offered any meaningful argument as to how the violation was for purposes of financial gain. (See id.). Rather, Plaintiff argues that "Defendants' bank records show that the Defendants' receive a financial benefit by collecting membership dues and, in return for those dues, schedule various social activities such as watching boxing matches and Super Bowl games." (ECF No. 18 at 5). However, given the nature of Defendant Club as a 501(c)(3) organization, and given the fact that Plaintiff's investigator did not indicate that the Club charged an entry fee to view the Program, the Court is not persuaded that the exhibition of the Program was for financial gain. Accordingly, the Court will deny Plaintiff's request for enhanced statutory damages.

Plaintiff also seeks an entry of judgment against both the Club and the Individual Defendants. (ECF No. 18 at 5). Section 605 allows for personal liability so long as a plaintiff can show that the individuals (1) had the right and ability to supervise the violations, and (2) that the individuals had an obvious and direct financial interest in the misconduct. *J&J Sports Productsion, Inc. v. Potions Bar & Lounge, Inc.*, 2009 WL 763624 (E.D.N.Y. 2009). Because, as

discussed above, the Court is not satisfied that there has been any financial benefit as a result of the violation, the Court declines to impose personal liability on the Individual Defendants.

Lastly, Plaintiff requests attorneys' fees and costs, pursuant to § 605(e)(3)(B)(iii). Plaintiff's attorney explains that he works on a contingency fee basis, and thus requests a contingent fee of 1/3rd of the award. (ECF No. 5). The Court will grant this request, and will therefore direct that 1/3rd of Plaintiff's award of $2,200.00, amounting to $733.33, will be remitted to Plaintiff's counsel. The Court will also grant Plaintiff's request for costs of suit. Given that Plaintiff has not requested a specific amount of costs, the Court issues an award of $400.00, which will compensate Plaintiff for the filing fee posted to initiate this lawsuit.

For the reasons stated herein, Plaintiff's motion for default judgement (ECF No. 12) is hereby granted in part and denied in part. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED:   March 17th, 2017

_____
JOSE L. LINARES, U.S.D.J.