NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PASSAIC CITY RIDERS MOTORCYCLE CLUB, et al, <br><br> Defendants. | Civil Action No.: 16-5142 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff J&J Sports Productions, Inc.'s ("Plaintiff") motion to alter or amend this Court's March 17, 2017 Order (ECF No. 22 ("Order") and Opinion (ECF No. 21 ("Op.")) resolving Plaintiff's motion for the entry of default judgment. (ECF No. 23). Defendants have not opposed this motion. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons stated herein, Plaintiff's motion is granted in part and denied in part.

## I.  Background

The facts of this matter were described in this Court's March 17, 2017 Opinion. As such, and in the interests of judicial economy, the Court includes an abbreviated statement of facts herein.

On December 23, 2016, Plaintiff filed a motion for default judgment seeking statutory damages, costs, and attorney's fees for Defendants' alleged piracy of a television program to which

1

Plaintiff has exclusive licensing rights (the "Program"), in violation of 47 U.S.C. § 607. (ECF No. 12, "Pl.'s DJ Br."). Defendants failed to oppose the motion for default judgment, and the Court held a hearing with respect to same on February 2, 2017. On March 17, 2017, after reviewing supplemental filings submitted by Plaintiff, and after raising a concern to Plaintiff with respect to representations that were made to this Court, this Court issued an Opinion and Order resolving the motion for default judgment.

In short, the Court granted in part and denied in part Plaintiff's motion for default judgment. While the Court found that Plaintiff had put forth a *prima facie* case of piracy in violation of 47 U.S.C. § 605 as to the Passaic City Riders Motorcycle Club ("Defendant Club"), the Court held that Plaintiff had failed to establish a basis for liability as against the individual Defendants. The Court declined to grant Plaintiff's request for the maximum statutory damages of $10,000.00 and the maximum enhanced damages of $100,000.00, finding these amounts to be unreasonable. Ultimately, the Court awarded Plaintiff $2,200.00, in statutory damages, which is the amount that Defendants would have had to pay to legitimately exhibit the Program. The Court declined to award any enhanced damages, finding that Plaintiff had not established that the Defendants benefited financially from the unlawful exhibition—a necessary finding to impose enhanced damages. *See* 47 U.S.C. § 605(e)(3)(c)(ii). In addition to awarding Plaintiff statutory damages, the Court awarded Plaintiff costs of filing suit, as well as attorney's fees of 1/3rd of Plaintiff's award of $2,200.00.

Plaintiff now seeks an amendment of the above Order. Specifically, Plaintiff requests that the Court increase its statutory damages award to Plaintiff, award Plaintiff enhanced statutory damages under 47 U.S.C. § 605(e)(3)(C)(ii), increase the attorneys' fee awarded to Plaintiff commensurate with any increase in damages, and find the individual Defendants liable to

Plaintiff." (ECF No. 23, "Pl.'s Br." at 6). Plaintiff is no longer seeking maximum statutory and enhanced damages, but rather "requests that the Court increase the statutory damages and award enhanced statutory damages in amounts sufficient to accomplish the goal of deterrence (both specific and general), and to compensate Plaintiff fully." (Id.).

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 59(e), a party may file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). "A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice.'" *Harrison v. Coker*, 587 Fed. App'x. 736, 740 (3d Cir. 2014) (quoting, in full, *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)). When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City*, Civ. No. 98–5186, 2008 WL 58820, at *2 (D.N.J. Jan.2, 2008).

## III. Discussion

Plaintiff's principal argument in support of its motion to amend the judgment is that the damages award did not provide sufficient incentive to deter future violations. (Pl.'s Br. at 7-10). According to Plaintiff, "[a]n award equivalent to the lawful licensing fee creates a perverse incentive for a person to attempt to break the law." (Id. at 8). Plaintiff contends that "[t]his Court does not specifically address the deterrence factor in its written opinion." (Id. at 8).

3

Nowhere in Plaintiff's multiple filings entered prior to this Court's March 17th determination did Plaintiff raise its concern of "deterrence." (*See* ECF Nos. 12 ("Pl.'s DJ Br."), 18, 20). Nor, for that matter, has Plaintiff previously cited to the cases now offered in support of this newly-raised argument that deterrence is a factor that the Court should consider in issuing an award.[1] Rather, in its brief in support of the motion for default judgment, Plaintiff provided the Court with a list of factors to be considered in awarding statutory damages, which list did not include a deterrence factor. (Pl.'s DJ Br. at 3). Because "motions for reconsideration 'are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers,'" the Court declines to consider this newly-raised argument. *Feit v. Great-West Life and Annuity Ins. Co.*, 460 F. Supp. 2d 632, 43 (D.N.J. 2006) (quoting *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001)).

Next, Plaintiff argues that the Court erred in basing its statutory damage award on the amount of money it would have cost Defendants to lawfully exhibit the Program. (Pl.'s Br. at 10-11). Specifically, Plaintiff appears to argue that because statutory damages are generally available when actual damages are difficult to prove, the Court erred in basing its award upon the actual cost of a license to exhibit the Program. (Id. at 11). However, as the Eastern District of New York stated in *Potions Bar & Lounge*, a case which Plaintiff heavily relies upon, "[a]n obvious starting point for determining the damages owed to plaintiff is the licensing fee that defendants would have paid to show the Event legally." *Potions Bar & Lounge*, 2009 WL 763624, *7. Indeed, by

---

[1] Plaintiff did previously cite to *J&J Sports Productions, Inc. v. Potions Bar & Lounge, Inc.*, 2009 WL 763624 (E.D.N.Y. Mar. 23, 2009), which case Plaintiff now discusses with respect to its argument as to deterrence; however, Plaintiff did not previously cite to this case for this proposition. In any event, the Court in *Potions Bar & Lounge* did award damages with a mind toward deterrence of future violations, the Court did so only after finding that plaintiff there was, in fact, entitled to enhanced damages—a determination not made by this Court. *Potions Bar & Lounge*, 2009 WL 763624, *8.

4

Plaintiff's own account, one of the factors courts are to consider in issuing a damages award is the "pecuniary loss sustained by the victim as a result of the offense." (Pl.'s DJ Br. at 3). Accordingly, this Court did not err in basing the statutory damages upon the cost of the licensing fee.

Additionally, Plaintiff argues that the Court erred in holding that Plaintiff had not established the element of financial gain necessary to impose enhanced damages and a finding of liability as to the individual Defendants. (Pl.'s Br. at 11-14). Plaintiff does not contend, however, that the Court overlooked any argument offered by Plaintiff in its underlying papers. Although "Plaintiff [now] respectfully submits that the airing of the *Program* itself is sufficient to establish the purpose of financial gain" (id. at 11), this argument was not before the Court below. Accordingly, the Court declines to address an argument not previously before it on the underlying motion. *See ABS Brokerage Servs. v. Penson Fin. Servs., Inc.,* No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug.16, 2010) ("Mere 'disagreement with the Court's decision'" is not an adequate argument on a motion for reconsideration.") (quoting *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.,* 161 F.Supp.2d 349, 353 (D.N.J. 2001)).

Plaintiff further argues that the Court erred in "presuppos[ing]" that Plaintiff's status as a 501(c)(3) organization precludes a finding that the exhibition of the Program was not for a commercial purpose. (Pl.'s Br. at 12-13). The Court did not, however, presuppose that Plaintiff's status as a charitable organization precluded a finding that Defendants acted for commercial purpose. Indeed, the Court considered the Club's 501(c)(3) status as one of several factors militating against a finding of financial benefit.

Moreover, Plaintiff argues, once again, that the individual Defendants should have been held liable. According to Plaintiff, the Court misapplied the requirements for individual liability by holding that there has not been a "financial *benefit*" to the individual Defendants where the case

relied upon by the Court uses the phrase "financial *interest*." (Pl.'s Br. at 13). For the purposes of this case, this distinction is without a difference. That is, Plaintiff did not make a sufficient showing that the individual Defendants had either a financial "interest" *or* a financial "benefit" from the misconduct. The Court will not alter its holding that the individual Defendants are not liable.

Lastly, and by way of footnote, Plaintiff states that the Court erred in ordering the Defendant Club to pay "statutory damages in the amount of $2,200.00, 1/3rd of which (amounting to $733.33 is to be paid to Plaintiff's attorneys). (Pl.'s Br. at 8, n. 2). Plaintiff states that because attorneys' fees and statutory damages are addressed under separate subsections of 47 U.S.C. § 607, the Court erred in identifying attorneys' fees as "statutory damages." (Id.). On this point, the Court agrees. Accordingly, the Court will amend its order to grant Plaintiff statutory damages in the full amount of $2,200.00 and attorneys' fees of $733.33, which fees shall *not* be taken from Plaintiff's award of statutory damages.

### IV. Conclusion

For the reasons stated herein, Plaintiff's motion to amend or alter this Court's March 17, 2017 Order is hereby granted in part and denied in part. The motion is granted only to the extent that the prior Order shall be amended such that Plaintiff shall be entitled to $2,200.00 in statutory fees and, separately, $733.33 in attorneys' fees. An appropriate Order accompanies this Opinion. The accompanying Order shall supersede this Court's March 17, 2017 Order.

IT IS SO ORDERED.

JOSE L. LINARES, U.S.D.J.